Filed 7/29/15  P. v. Joya CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>JESSE JOYA,<br><br>  Defendant and Appellant. | B260890<br><br>(Los Angeles County<br>Super. Ct. No. BA410402) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ronald H. Rose, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Plaintiff and Respondent.

————————————

Defendant Jesse Joya kidnapped his former girlfriend, who had a restraining order against him, and drove her to his trailer, where he raped her. Once he was arrested, the victim obtained a second restraining order. Thereafter, defendant made numerous attempts to contact the victim in order to convince her to recant. He was charged by information with forcible rape (Pen. Code, § 261, subd. (a)(2)); kidnapping for rape (Pen. Code, § 209, subd. (b)(1)); four counts of attempting to dissuade a witness (Pen. Code, § 136.1, subd. (a)(2)); and nine counts of willful disobedience of a court order (Pen. Code, § 166, subd. (a)(4)).

The prosecution and defendant agreed to a negotiated plea, whereby the information was modified to allege a count of simple kidnapping (Pen. Code, § 207, subd. (a)), and defendant pleaded no contest to simple kidnapping, four counts of attempting to dissuade a witness, and two counts of willful disobedience of a court order, in exchange for a sentence of 11 years and 8 months. Defendant entered the plea and was convicted and sentenced accordingly.

Defendant's sentence consisted of the upper term of 8 years for the kidnapping, 4 consecutive 8-month (1/3 the middle term) sentences for the attempted dissuasion counts, and 2 consecutive 6-month jail terms for the willful disobedience counts.

Defendant filed a notice of appeal. He sought a certificate of probable cause to enable him to challenge his plea, on the grounds he was not properly advised, received ineffective assistance of counsel, a lack of investigation, needed more time, and he was pressured by the court and his family to plead guilty. The certificate of probable cause was denied. On appeal, this court issued an order to show cause why the appeal should not be dismissed as being taken from a non-appealable order. When it appeared that defendant may have been challenging his sentence, the order to show cause was vacated.

On April 22, 2015, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had sent defendant a letter advising him of counsel's intention to file a *Wende* brief and that defendant could file a supplemental brief if he chose to do so. That same day, this court

2

sent defendant a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished us to consider.

Defendant did not file a supplemental brief. However, on February 27, 2015, defendant filed a petition for writ of habeas corpus, setting forth the following issues: (1) ineffective assistance of counsel; (2) the court unfairly pressured him to take the plea; and (3) insufficient factual basis for the charges against him.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) Each issue raised by defendant relates to the validity of the plea, not the sentence, and therefore cannot be pursued without a certificate cause. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1186.)

## DISPOSITION

The judgment is affirmed.

OHTA, J.[*]

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.